IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENNETH L. KIRKLAND,**

    Petitioner,

    v.                                          **CASE NO. 18-3058-JWL**

**CLAUDE MAYE, Warden,**
**USP-Leavenworth,**

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. Petitioner challenges his sentence enhancement under 21 U.S.C. § 851. The Court has screened his Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

**Background**

On April 30, 2008, following a jury trial, Petitioner was convicted of possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). *United States v. Kirkland*, Case No. 3:07-cr-30137-MJR-DGW (S.D. Ill.). Prior to trial, the Government gave notice of its intent to seek an enhanced sentence, pursuant to 21 U.S.C. § 851, based upon a prior conviction in Missouri for Trafficking in the Second Degree. On September 19, 2008, he was sentenced to 240 months' imprisonment—the mandatory minimum for the offense—and ten years' supervised release. *Id.* at Doc. 74. Petitioner appealed, arguing that: (1) he was held for an unreasonable amount of time prior to being brought before a magistrate judge; and (2) the district court erred in failing to suppress his confession. Petitioner's conviction was affirmed by the Seventh Circuit on June 1, 2009. *United States v. Kirkland*, 567 F.3d 316 (7th Cir. 2009).

1

Petitioner filed a Petition for Writ of Certiorari with the United States Supreme Court, which was denied on July 11, 2010.

On October 4, 2011, Petitioner filed a pro se motion seeking to reduce his sentence based on the United States Sentencing Commission's promulgation of amendments to the Sentencing Guidelines, following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010). *United States v. Kirkland*, Case No. 3:07-cr-30137-MJR-DGW (S.D. Ill.). That Act required the Guidelines to be brought into conformity with substantive provision reducing the criminal penalties for certain crack cocaine offenses. The court denied Petitioner's motion for sentence reduction based on Amendment 750, finding that:

> Defendant was subject to a statutory mandatory minimum term of 240 months in prison; consequently, his guideline range cannot be lowered by the retroactive amendment in question. Relief under Section 3582 is not available when a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range."

*Id*. at Doc. 117 (S.D. Ill. Feb. 6, 2012) (citing *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010).

On January 7, 2015, Petitioner filed a pro se motion, seeking a reduction under Amendment 782. The court denied the motion, finding that Petitioner lacked a meritorious basis for seeking relief under 18 U.S.C. § 3582(c) and Amendment 782 to the Sentencing Guidelines due to the preclusive effect of Petitioner's mandatory minimum sentence. *Id*. at Doc. 127 (S.D. Ill. May 14, 2015).

Petitioner filed a § 2255 motion on November 29, 2010. *Kirkland v. United States*, No. 10-cv-00958-MJR (S.D. Ill.) (Doc. 1.). On June 10, 2011, Petitioner filed a motion to amend and set aside his original § 2255 motion. *Id*. at Doc. 14. The court granted Petitioner's motion, and ordered him to re-file his § 2255 motion by July 15, 2013, and to "include all claims he wishes

2

the Court to consider." *Id*. at Doc. 16. Petitioner filed his Amended § 2255 motion on July 15, 2013. *Id.* at Doc. 17. On July 19, 2013, the court ordered Petitioner to file another § 2255 motion by August 9, 2013, to ensure that Petitioner had included all grounds for relief. *Id*. at Doc. 18. Because Petitioner failed to submit a new amended § 2255 motion, the court set a briefing schedule as to Petitioner's previously-submitted amended § 2255 petition at Doc. 17. In that petition, Petitioner alleged five grounds for relief, all based on ineffective assistance of counsel. The court denied the § 2255 motion on March 4, 2014. *Id*. at Doc. 23.

Petitioner filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 and the Retroactive Amendments 782, USSG, on April 10, 2017. *United States v. Kirkland*, Case No. 3:07-cr-30137-MJR-DGW (S.D. Ill.) (Doc. 128). On April 12, 2017, the court denied the motion as moot "because the Court already considered the precise relief sought" and denied relief in its prior order. *Id*. at Doc. 129.

On March 5, 2018, Petitioner filed the instant petition under 28 U.S.C. § 2241, claiming that his prior conviction enhancement under 21 U.S.C. § 851 is null and void in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Doc. 1, at 6–7). Petitioner invokes the savings clause of § 2255(e), arguing that § 2255 is inadequate or ineffective to test the legality of his detention.

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims. Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10th Cir. Oct. 5, 2017) (unpublished) (finding that whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir.

3

2013)).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to "vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011). "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id.* (emphasis in original).

Petitioner argues that his sentence enhancement is "null and void" in light of the Supreme Court decisions in *Descamps* and *Mathis*. When a petitioner is denied relief on his first motion under § 2255, he cannot file a second § 2255 motion unless he can point to either "newly

4

discovered evidence" or "a new rule of constitutional law," as those terms are defined in § 2255(h). *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013) (unpublished) (citing *Prost*, 636 F.3d at 581).

It does not appear that Petitioner sought authorization to file a second or successive § 2255 motion. Regardless, preclusion from bringing a second motion under § 2255(h) does not establish that the remedy in § 2255 is inadequate or ineffective. Changes in relevant law were anticipated by Congress and are grounds for successive collateral review only under the carefully-circumscribed conditions set forth in § 2255(h). The Tenth Circuit has rejected an argument that the "current inability to assert the claims in a successive § 2255 motion—due to the one-year time-bar and the restrictions identified in § 2255(h)—demonstrates that the § 2255 remedial regime is inadequate and ineffective to test the legality of his detention." *Jones v. Goetz*, No. 17-1256, 2017 WL 4534760, at *5 (10th Cir. 2017) (unpublished) (citations omitted); *see also Brown v. Berkebile*, 572 F. App'x 605, 608 (10th Cir. 2014) (unpublished) (finding that petitioner has not attempted to bring a second § 2255 motion, and even if he were precluded from doing so under § 2255(h), that "does not establish the remedy in § 2255 is inadequate") (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) and *Prost*, 636 F.3d at 586). If § 2255 could be deemed "inadequate or ineffective" "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction—subsection (h) would become a nullity, a 'meaningless gesture.'" *Prost*, 636 F.3d at 586; *see also Hale*, 829 F.3d at 1174 ("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost*, satisfy § 2255(e), and § 2241 review must be denied.").

The AEDPA "did not provide a remedy for second or successive § 2255 motions based on intervening judicial interpretations of statutes." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir.

5

2013), *cert. denied* 134 S. Ct. 1874 (2014). However, prisoners who are barred from bringing second or successive § 2255 motions may still be able to petition for habeas relief under the savings clause in § 2255(e). *Id.* However, § 2255 has been found to be "inadequate or ineffective" only in "extremely limited circumstances." *Id.* (citations omitted).

Petitioner argues that *Descamps* and *Mathis* are new interpretations of statutory law, and that he meets the savings clause tests set forth in other circuits. However, the Tenth Circuit has addressed the question of "whether a new Supreme Court decision interpreting a statute that may undo a prisoner's conviction renders the prisoner's initial § 2255 motion 'inadequate or ineffective.'" *Haskell*, 510 F. App'x at 744. The Tenth Circuit answered the question in the negative in *Prost*, holding that if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion[,] . . . then the petitioner may not resort to . . . § 2241." *Prost*, 636 F.3d at 584.

Nothing about the procedure of Petitioner's prior § 2255 motion prevented him from making this same argument despite the fact that the Supreme Court decisions he seeks to rely on were not in existence yet.[1] The Tenth Circuit has concluded that although a petitioner may have benefitted from a cite to a Supreme Court decision announced after his § 2255 motion, this is not reason enough to find the original § 2255 motion "inadequate or ineffective." *See Prost*, 636 F.3d at 589; *Haskell*, 510 F. App'x at 745; *Sandlain*, 2017 WL 4479370, at *3 ("Nor does it matter that *Mathis* was not in existence at the time he filed his initial § 2255 motion").

In addition, § 2255 is not "inadequate or ineffective" merely because adverse circuit precedent existed at the time. *Abernathy*, 713 F.3d at 548 (citing *Prost*, 636 F.3d at 590–93);

---

[1] The Court notes that *Descamps* was decided on June 20, 2013, prior to the deadline for Petitioner to file his amended petition in his original § 2255 motion. *See Kirkland v. United States*, No. 10-cv-00958-MJR (S.D. Ill.) (Doc. 18.) The Court expresses no opinion on the applicability of *Descamps* and *Mathis* to Petitioner's claim. *See Haskell*, 510 F. App'x at 745, n.4; *see also Sandlain v. English*, No. 17-3152, 2017 WL 4479370, at n.8 (10th Cir. 2017).

*Sandlain*, 2017 WL 4479370, at *3 ("[E]ven assuming there was contrary circuit precedent, nothing prevented him from raising the argument in his initial § 2255 motion and then challenging any contrary precedent via en banc or certiorari review."). Petitioner cites *Reyes-Requena*, arguing that his claim "was foreclosed by circuit law at the time when the claim should have been raised." However, the Tenth Circuit created a new savings clause test in *Prost* and declined to follow the previous test used under *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). *Abernathy*, 713 F.3d at 541, 545–46, n.6–7 (10th Cir. 2013). The Tenth Circuit has also rejected the argument that the decision in *Prost*—rejecting the erroneous circuit foreclosure test—violates equal protection. *Brown*, 572 F. App'x at 608 ("We reject this argument because a circuit split does not deny Mr. Brown equal protection.") (citations omitted). Petitioner *could* have made his argument, regardless of the likelihood of success on such an argument, even if it was foreclosed by then-controlling circuit precedent. *Abernathy*, 713 F.3d at 548. "The savings clause doesn't guarantee results, only process." *Id.* (quoting *Prost*, 636 F.3d at 590).

Petitioner, like the petitioner in *Abernathy*, argues that he is "actually innocent" of the sentence enhancement. In *Abernathy*, the Tenth Circuit noted that although other circuits "have adopted somewhat disparate savings clause tests, most requir[ing] a showing of 'actual innocence' . . . [u]nder the *Prost* framework, a showing of actual innocence is irrelevant." *See also Sandlain*, 2017 WL 4479370, at *4 (finding that petitioner's claim that § 2255 is inadequate or ineffective because he is actually innocent of the career offender enhancement under *Mathis*, merely restates the argument he could have brought in his initial § 2255 motion, and possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence); *see also Brown*, 572 F. App'x at 608–09 (rejecting argument that petitioner is actually innocent and that the court's failure to follow the other circuits in *Prost* violated the Supreme

Court's "fundamental miscarriage of justice" exception); *see also Boose v. Mays*, No. 13-3016-RDR, 2014 WL 298604, at *4 (D. Kan. Jan. 28, 2014) ("[I]t has generally been held that § 2255's savings clause cannot be invoked to challenge a sentence enhancement rather than the underlying conviction.") (citations omitted).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Petitioner has failed to meet that burden. The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 26th day of March, 2018.**

> s/ John W. Lungstrum
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**